UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARIAC SHIPPING COMPANY, LTD.,

                Plaintiff,

      -against-                                          05 Civ. 2224 (LAK)

META CORP., N.V., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

        Appearances:

               William R. Bennett, III
               SCHEINBAUM, BENNETT, GIULIANO & MCDONNELL, LLP
               *Attorneys for Plaintiff*

               Pamela C. Holly
               WINSTON & STRAWN LLP
               *Attorneys for Defendants Meta Corp., N.V., and Associated Transport Company (Aruba) N.V.*

LEWIS A. KAPLAN, *District Judge.*

        This is an action for breach of an alleged charter party and negligence under the general maritime law. Defendants Meta Corp., N.V., and Associated Transport Company (Aruba) N.V., both corporations organized under the laws of and having their principal places of business in Aruba, move to dismiss the complaint for lack of personal jurisdiction, improper service of process, and improper venue and for other relief.

In order to survive a motion to dismiss for lack of personal jurisdiction at this stage of the case, the plaintiff must make a *prima facie* showing of facts sufficient to justify its exercise.[1] Here, the complaint alleges no facts that would support the exercise of personal jurisdiction over these two defendants. Indeed, plaintiff does not dispute this. It argues, however, that the exercise of personal jurisdiction would be proper because the alleged charter party contains an arbitration clause providing for arbitration in New York. That, however, is far from sufficient.

To begin with, these defendants dispute the existence of any charter party, much less a charter party containing the terms alleged by plaintiff. But even if there were an agreement providing for arbitration in New York, it would not carry the day for the plaintiff.

To be sure, an agreement to arbitrate in New York at least arguably is a consent to personal jurisdiction here for purposes relating to enforcement of the arbitration agreement.[2] Even assuming the continued vitality of that principle, however, the consent goes no farther than proceedings relating to enforcement of the arbitration agreement.[3] Plaintiff's reference to *Farr & Co. v. Cia International de Navigation*[4] is misplaced, as it takes the broad language upon which it

---

[1] *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1990).

[2] *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos,* 553 F.2d 842, 844 (2d Cir. 1977); *but see Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. McLeod,* 208 A.D.2d 81, 83, 622 N.Y.S.2d 954, 955-56 (1st Dept. 1995).

[3] *E.g., Kahn Lucas Lancaster, Inc. v. Lark International Ltd.,* 956 F. Supp. 1131, 1138-39 (S.D.N.Y. 1997; *Sterling National Bank & Trust Co. of New York v. Southern Scrap Export Co.,* 486 F. Supp. 1100, 1103 (S.D.N.Y. 1979); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. East,* 1993 WL 764642, at *2 (N.Y. Sup. Ct. N.Y. Co. Nov. 4, 1993); *see Aero-Bocker Knitting Mills Inc. v. Allied Fabrics Corp.,* 54 A.D.2d 647, 648, 387 N.Y.S.2d 635, 637 (1st Dept. 1976)..

[4] 243 F.2d 342 (2d Cir. 1957).

relies entirely out of context. While the Circuit there said that an agreement to arbitrate in New York "makes [the party] as amenable to suit as if [it] were physically present in New York,"[5], the proceeding was one to compel arbitration. The holding therefore does not extend beyond the proposition that a consent to arbitrate here is a submission of personal jurisdiction for the purpose of compelling arbitration.

This is not an action relating to enforcement of the alleged arbitration agreement. To the contrary, plaintiff here seeks damages in an admiralty court. Accordingly, the motion of defendants Meta Corp., N.V., and Associated Transport Company (Aruba) N.V., to dismiss is granted to the extent that the action is dismissed as against them for lack of personal jurisdiction.

SO ORDERED.

Dated: May 27, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[5] *Id.* at 347.